UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: MARK ANDREW TAYLOR and
TERRI LORRAINE TAYLOR,

        Debtors,
_____/

MEDIA CAPITAL ASSOCIATES LLC.,

        Plaintiff-Appellee,

v.

MARK ANDREW TAYLOR and
TERRI LORRAINE TAYLOR,

        Defendants-Appellants.

_____/

Case Number 07-10540
Bankr. Number 05-79412-TJT
Honorable David M. Lawson

## **OPINION**

The question presented by this appeal is whether the bankruptcy court abused its discretion when it entered a default judgment against the defendant-debtors for failing to comply with an order to answer discovery requests that were long overdue in a non-dischargeability adversary proceeding. The default judgment sanction for failing to give discovery is a harsh one intended to be used as a last resort, and perhaps other judges confronted by similar facts would not have turned to it as quickly as did the bankruptcy judge here. However, under the deferential standard of review, and in light of Sixth Circuit precedent, the Court finds that there was no abuse of discretion. Therefore, the judgment of the bankruptcy court will be affirmed.

I.

The parties agree on the basic facts of the case, which has its roots in a related action brought by the present plaintiff, Media Capital Associates LLC, against the debtors in the Superior Court of

Arizona in 2004. Media Capital alleged in a complaint that the Taylors had breached a contract and committed fraud while defendant Mark Taylor was an employee of Media Capital. The complaint alleged that Taylor's job duties included arranging for customers to enter into equipment leases apparently financed by Media Capital, but Taylor engaged in direct placement of certain leases and diverted payments and commissions, which he converted to his own use. The complaint also alleges that Terri Taylor received a benefit from the converted proceeds. The Taylors failed to respond to the complaint, and on December 9, 2004, the Arizona court entered a default judgment in favor of Media Capital in the amount of $38,770.24 plus attorney's fees and interest.

On October 12, 2005, the Taylors filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Michigan. The Taylors listed Media Capital as a creditor and sought to discharge the debt they owed Media Capital created by the Arizona judgment.

On January 27, 2006, Media Capital commenced an adversary proceeding objecting to the dischargeability of the debt stemming from the Arizona judgment. Media Capital sought a declaration that the debt was non-dischargeable under 11 U.S.C. § 523(a)(2) because it was incurred through fraud. On March 6, 2006, the Taylors filed their answer and affirmative defenses. On March 20, 2006, Media Capital served upon the Taylors its first set of interrogatories and requests for production of documents. Media Capital states that extensions were negotiated and agreed upon, and the responses ultimately were due on or before June 2, 2006. The Taylors failed to respond to Media Capital's discovery requests by the agreed deadline. Media Capital eventually filed a motion to compel the answers on August 15, 2006. Media Capital also filed a motion for summary judgment that day.

On October 4, 2006, an order for substitution of counsel was entered, and the law firm of Sheehan & Associates, PLC replaced Gary R. Sanfield as counsel for the Taylors. On November 8, 2006, the Taylors filed answers to Media Capital's discovery requests consisting solely of objections. They furnished no information in response to the interrogatories and document demands, and they objected to each and every request, generally in boiler-plate fashion.

On December 6, 2006, the bankruptcy court heard oral argument on Media Capital's motion to compel, which had been filed in August 2006. The court found the Taylors' objections to be inappropriate on grounds of waiver because the Taylors had failed to file such objections by the agreed due date of June 2, 2006. The bankruptcy court granted the motion to compel and directed the Taylors "to promptly serve full and complete responses to the discovery requests at issue and to do so without making any objections of any kind, including privileged [sic]." R, Ex. 22, Tr. of Dec. 6, 2006 Hr'g at 16; *see also* R, Ex. 24, Order Compelling Disc. [bank. dkt # 25]. The court held that the responses must be served on or before December 18, 2006, and warned counsel for the Taylors that failure to do so could result in a default judgment or other appropriate sanctions. Counsel for the Taylors requested an extension "until after the New Year holiday" on the grounds that his clients lived in California and may have plans for the holidays. The court overruled this request, stating:

> THE COURT: The defendants have delayed far too long already in responding to discovery . . . . If they have travel plans, they'll just have to make sure they can get this done.
>
> MR. CIOFFI: I understand, Your Honor.
>
> THE COURT: Notwithstanding any other plans they may have unless they just – they just want to suffer a default judgment and other sanctions possibly in this case.

R, Ex. 22, Tr. of Dec. 6, 2006 Hr'g at 22. On December 8, 2006, the court memorialized its ruling in a formal order, which reads:

> Plaintiff, Media Capital Associates, LLC, having served its Interrogatories and Request for Production upon Defendants, Mark and Terri Taylor on March 20, 2006; and the Court being otherwise fully advised in the premises;
>
> IT IS HEREBY ORDERED that Defendants, Mark and Terri Taylor shall serve written Answers to Media Capital Associates, LLC's Interrogatories and Request for Production, with no objections, no later than December 18, 2006. *In the event that discovery answers, without objections, are not served by this deadline, the Court may enter a Default Judgment or other appropriate sanction against Mark and Terri Taylor.*

R, Ex. 24, Order Compelling Discovery (emphasis added).

The court held a hearing on Media Capital's motion for summary judgment on January 10, 2007. The parties have not produced a copy of the transcript, but it is undisputed that the court denied the motion that very day.

Meanwhile, the Taylors failed to file their discovery responses by the December 18, 2006 deadline, so Media Capital filed a motion for default judgment and other sanctions on December 22, 2006 pursuant to Federal Rule of Bankruptcy Procedure 7037, which incorporates the provisions of Federal Rule of Civil Procedure 37. The court set the motion for a hearing on January 24, 2007. On the afternoon of January 23, 2007, counsel for the Taylors telefaxed to counsel for Media Capital the Taylors' discovery responses. The Taylors' answers appear to be responsive but somewhat lacking in content; for instance, they did not produce any documents. The Taylors acknowledge, however, that the responses were late under the applicable rules and the terms of the lower court's order of December 8, 2006.

Media Capital registered a strong objection to Taylors' responses at the January 24, 2007 motion hearing. It challenged the genuineness of the claims that the Taylors did not possess the

documents that were requested of them, such as tax returns and their bank statements, particularly because the discovery requests had been outstanding since March 2006. The court recessed the proceedings briefly to allow itself and counsel for Media Capital to fully review the recently-sent responses. When the hearing resumed, the court questioned counsel for the Taylors about their response to a request for "[a]ll bank records including statements and cancelled checks for any checking, savings or other DDA account held" by the debtors and bank records from companies in which they had an interest. The response read:

> **RESPONSE:**
>
> **I [Mark Taylor] no longer have access to the two personal bank accounts that were used during 11/18/02 to 09/30/03. One is Wells Fargo in Arizona. One is Community Schools Credit Union in Michigan.**

R, Ex. 31, Final Disc. Responses at 21. The court challenged counsel to explain how this answer was responsive to the discovery request. The following colloquy ensued:

> MR. CIOFFI: Your Honor, I think it's a – it's a proper response in that the rules only require the debtor to produce that which is in his possession. And if the documents –
>
> THE COURT: Possession, custody, or control.
>
> MR. CIOFFI: Well, I think that's why he indicated that the – that the accounts are closed and they're no longer within his control.
>
> THE COURT: He says he no longer has – they say they no longer have access to the bank accounts. I don't know what that means. That doesn't say I don't have any of these requested documents in my possession or in my custody or control, does it?
>
> MR. CIOFFI: No, it doesn't, Your Honor.
>
> . . .
>
> THE COURT: So what – how is this a responsive response? . . . Say I no longer have access to the accounts. Well, I don't know what that means. And you helped prepare these. Why – how is that responsive?

-5-

> MR. CIOFFI: I took it to mean that he doesn't have them in his possession, custody, or control. If, you know –
>
> THE COURT: That's not what it says.
>
> MR. CIOFFI: I understand that, yes.
>
> THE COURT: So why was this – this vague and apparently evasive answer given instead of something that directly responds as required under Rule 34?
>
> . . .
>
> MR. CIOFFI: That's the answer I was given, Your Honor.
>
> THE COURT: That's the answer you were given. Did you follow up with your client?
>
> MR. CIOFFI: Yes, I did.
>
> THE COURT: And so what is the answer that your client gave if you asked him, Mr. Taylor, do you have any of these bank records?
>
> MR. CIOFFI: My understanding –
>
> THE COURT: Monthly statements, cancelled checks. Do you have any of them?
>
> MR. CIOFFI: That's where my understanding that he didn't have them came in, Your Honor.
>
> THE COURT: So the – but the answer doesn't say that.

R, Ex. 30, Tr. of Jan. 24, 2007 Hr'g at 19-21.

The court also questioned counsel for the Taylors concerning the tardiness of their discovery responses:

> THE COURT: Let me ask you, the order of December 8 required the defendants to serve written answers to the plaintiff's interrogatories and requests for production with no objections, no later than December 18, 2006. Either you or one of your – another attorney in your firm, I don't remember which, was here at the December 8 – I'm sorry, December 6th, 2006 hearing that led to this December 8 order.

MR. CIOFFI: That was me, Your Honor.

THE COURT: That was you. And so you knew on December 6th that that was going to be the deadline.

MR. CIOFFI: Yes, Your Honor.

THE COURT: And I believe you told me, or at least your partner told me at this January 10 hearing that we had – January 10, 2007 hearing that we had of the plaintiff's motion for summary judgment mentioned that you – your firm, somebody at your firm conveyed that order to the defendants.

MR. CIOFFI: Yes, Your Honor.

THE COURT: So when was that ordered conveyed to the defendants?

MR. CIOFI: Immediately after its entry, Your Honor.

THE COURT: Which was December 8.

MR. CIOFFI: Which would be December 8th.

THE COURT: And did you also communicate the December 18 deadline to the defendants shortly after the December 6th hearing?

MR. CIOFFI: Yes, Your Honor.

THE COURT: When was that?

MR. CIOFFI: I'm sorry, it would be December 8th when the order came out.

THE COURT: All right. So defendants knew ten days before the deadline of December 18th about the deadline?

MR. CIOFFI: Yes, Your Honor.

THE COURT: And they didn't comply with the order. I think there's no dispute they didn't comply with the order.

MR. CIOFFI: It wasn't substantially justified, Your Honor.

THE COURT: No, but they didn't comply, that's point one.

MR. CIOFFI: Yes, Your Honor.

> THE COURT: And so the question is why did they not comply with that – that order and that deadline?
>
> MR. CIOFFI: In terms of a justification, I don't think there is one.

*Id.* at 10-11.

In his clients' defense, counsel for the Taylors stated that his clients may not have grasped the seriousness of the issue. He believed that former counsel had led the Taylors to believe that it was not imperative to comply with a court order. The lower court rejected that argument because present counsel had been in the case since October 4, 2006, two months before the court issued its order compelling discovery. Counsel cited a second mitigating circumstance, suggesting that although the discovery responses may have been technically outstanding since June 2006, the delay was partially justified by the occurrence of settlement negotiations. However, the court rejected this argument on the grounds that the settlement talks had broken down well before the discovery order was entered in December.

At the close of the hearing, the court announced its decision from the bench, first noting that defense counsel had conveyed the December 8, 2006 order to his clients, so the Taylors were personally aware of the December 18, 2006 response deadline. The court found that the Taylors were warned that failure to comply could result in a default judgment against them. The court then observed that the Taylors did nothing to comply with the order, not even contacting their attorney to give him something to work with to furnish answers within the deadline. Based on defense counsel's acknowledgment, the court found that the failure to comply was not substantially justified. The court also determined that the month-late responses (timed by the last court order) were inadequate, and the defendants were evasive. The court stated that proper responses would be

important to the plaintiff in order for it to litigate the matter on the merits. At the time of the hearing on the motion for default judgment, trial was scheduled to begin on March 20, 2007. The court concluded as follows:

> And – and I don't – I did not hear in this hearing today, a good excuse or justification for that offered by defense counsel on behalf of the defendants. So here we have a situation where I think the defendants just really rather flagrantly disobeyed the Court's order requiring them to provide discovery, the December 8, 2006 order. Did so not only without any substantial justification, but did so without any justification or excuse even offered whatsoever.
>
> And did so after having been warned in the December 8 order itself that failure to comply with the order and serve the discovery responses by the deadline of December 18, may lead to a default judgment against the defendants. I can only conclude from the circumstances that the defendants' failure to comply with the Court's December 8, 2006 order was willful and was in bad faith.
>
> . . . .
>
> I am going to grant the motion, the plaintiff's motion to the following extent. First, I will grant a default judgment against both defendants in this adversary proceeding as requested by plaintiff.
>
> And second, I will also enter an order requiring the defendants jointly and severally to pay the reasonable fees and expenses – attorney fees and expenses incurred by the plaintiff in filing and prosecuting the present motion. To the extent the motion seeks additional relief, including fees and expenses for prior proceedings and prior motions relating to discovery, that request is denied.

*Id.* at 26-28.

Default judgment was entered on January 24, 2007, and the Taylors filed a timely notice of appeal. The Court heard oral argument on May 21, 2007.

II.

Rule 7037 of the Federal Rules of Bankruptcy Procedure, which prescribes the sanctions that are available for discovery violations, provides that Rule 37 of the Federal Rule of Civil Procedure applies in adversary proceedings. Fed. R. Bank. P. 7037. Rule 37 states: "If a party . .

-9-

. fails to obey an order to provide or permit discovery . . . the court in which the action is pending may [issue] . . . [a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C).

A court's decision to grant a motion for default judgment under Federal Rule of Civil Procedure 37(b)(2)(C) is reviewed for abuse of discretion. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). "An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006). An appellate court "will find an abuse of discretion only when the Court has a definite and firm conviction that the trial court committed a clear error of judgment." *Ibid.* (citing *Engebretsen v. Fairchild Aircraft Corp.,* 21 F.3d 721, 728 (6th Cir.1994)) (internal quotes omitted). *See also GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007).

The propriety of a dismissal or default judgment as a discovery sanction is generally assessed in light of four factors identified by the Sixth Circuit in *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), which were succinctly summarized by the court in *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002), as follows: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 458.

The defendants claim on appeal that the lower court failed to make an adequate determination of prejudice to the plaintiff flowing from the discovery breach, and the court erred by failing to find bad faith on their part and by not considering a less drastic sanction short of a default judgment. This Court does not agree.

There is no question that the Taylors failed to furnish arguably substantive answers to the discovery requests until ten months after the requests were served. Some of that delay can be justified or excused by stipulated extensions and a tacit hiatus resulting from settlement discussions. Nevertheless, a motion to compel the answers was filed on August 2006, and settlement efforts were exhausted in the fall of 2006. No answers were forthcoming even up to the motion hearing on December 6, 2006, when the bankruptcy court issued its "last chance" order. At the January 24, 2007 default judgment hearing, the Taylors' attorney candidly acknowledged that there was no justification for their failure to comply with the order. The Taylors argue that their lapse was not due to bad faith, but the evasive discovery responses suggest otherwise. More importantly, the record fully supports the conclusion that they had the means to comply with the December 8, 2006 order compelling discovery but simply did not do so. The Sixth Circuit has held that if a party has the ability to comply with a discovery order and does not, entry of default is not an abuse of discretion. *Bank One of Cleveland*, 916 F.2d at 1073 (quoting *Regional Refuse*, 842 F.2d at 154); *see also Reyes*, 307 F.3d at 458 (stating that "it is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not"). The willfulness component of the *Regional Refuse* test has been satisfied.

The record also supports a finding that Media Capital was prejudiced by the Taylors' failure to cooperate in discovery. Although the bankruptcy court was not expansive in its discussion of

prejudice, it did note that Media Capital sought "documents that it appears to me are quite important if the plaintiff must litigate this case on the merits . . . . And obviously this would require further follow-up . . . ." R, Ex. 30, Tr. of Jan. 24, 2007 Hr'g at 25. Prejudice may be found where the adversary encounters substantial difficulty in obtaining information to which it is entitled, *see, e.g., Bank One*, 916 F.2d at 1079, or where the adversary needlessly expends time and money in this effort, *see, e.g., Regional Refuse*, 842 F.2d at 155; *Stamtec, Inc. v. Anson*, 195 Fed. Appx. 473, 481 (6th Cir. 2006). Media Capital was forced to file a motion to compel on August 15, 2006 when answers to its discovery requests were not forthcoming in a timely manner. After the "last chance" order was issued, the plaintiff had to file yet another motion when the debtors did not comply. All of this litigation occurred against the backdrop of a looming trial date of March 20, 2007. Even if the Taylors responses served on January 23, 2007 were fully adequate, which plainly they were not, Media Capital would have had far less time to process that discovery and prepare for trial than that to which it was entitled. The record supports a finding of prejudice.

The defendants readily admit, as they must, that they were warned of the consequences of their failure to comply with the December 8, 2006 discovery order, satisfying the third factor. *Regional Refuse*, 842 F.2d at 155.

The fourth factor requires some evidence that the lower court "considered" less drastic sanctions. In this case, the transcript does not contain an express articulation of why the bankruptcy court thought lesser sanctions would be insufficient. However, it is apparent that the bankruptcy court was plainly aware that it was not *required* to enter a default judgment; and it was cognizant of the severity of the sanction and granted default judgment only after finding that the Taylors had flagrantly violated the court's order without any justification whatsoever. *See* R, Ex. 30, Hr'g Tr.,

Jan. 24, 2007, at 26-28 (stating "the Court does have [the authority] under . . . Rule 37(b)(2)(C), *among other options* or remedies for this failure or disobedience of the Court's order to grant a default judgment") (emphasis added). The court also showed some measure of restraint by denying Media Capital's request for attorney's fees and costs incurred in connection with the prior motion to compel, although it did grant an award of fees and costs incurred in connection with bringing the motion for default judgment. Therefore, although many of the cases receiving Sixth Circuit approval involved the prior imposition of lesser sanctions, *see, e.g., Stamtec*, 195 Fed. Appx. at 482, this Court does not find that the bankruptcy court abused its discretion because it is clear that the court only granted a default judgment after finding that the Taylors' conduct warranted as much. *See Regional Refuse*, 842 F.2d at 155 (noting that although "it would be inappropriate to dismiss [or enter default judgment] without considering the severity of this sanction, it is not an abuse of discretion to dismiss [or enter default judgment], even though other sanctions might be workable, if dismissal is supportable on the facts"); *see also Reyes*, 307 F.3d at 458 ("[A]lthough the district court did not expressly consider other sanctions, . . . this is not necessarily an abuse of discretion.").

Finally, citing the unpublished decision of *Stamtec, Inc. v. Anson*, 195 Fed. Appx. 473 (6th Cir. 2006), the defendants argue that a default judgment against Terri Taylor is not supported by the record because the discovery sought by Media Capital focused primarily on Mark Taylor's business. In *Stamtec*, the Sixth Circuit vacated a default judgment as to one group of defendants because some of the discovery requests at issue were not directed to those defendants, and there was "little or no mention in the district court record of [those] Defendants' fault in the matter." *Stamtec*, 195 Fed. Appx. at 479. The case is not analogous, however. Although the predicate discovery requests may have largely concerned Mark Taylor's business, five of the interrogatories and two of the document

requests were directed exclusively to Terri Taylor. In addition, although answered and signed by Mark Taylor only, Media Capital's second set of interrogatories and requests for production of documents (which contained the disputed request for bank records), were directed to both defendants. Most importantly, the order compelling discovery provided that "Mark *and* Terri Taylor shall serve written Answers to Media Capital Associates, LLC's Interrogatories and Request for Production . . . no later than December 18, 2006." R, Ex. 24, Order Compelling Discovery at 1 (emphasis added). Both defendants violated this order, and neither defendant offered a justification.

III.

Certainly other sanctions were available to the bankruptcy court: it could have imposed fines and costs, barred certain defenses, or even jailed the Taylors for contempt of court. Fed. R. Civ. P. 37(b)(2)(B), (C), (D). The availability of other sanctions, however, does not render the lower court's choice an abuse of discretion. The record in this case does not support a finding that the bankruptcy court relied on clearly erroneous findings of fact, improperly applied the governing law, used an erroneous legal standard, or committed a clear error of judgment. For these reasons, the judgment of the bankruptcy court is **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 31, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing opinion was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 31, 2007.

s/Felicia M. Moses
FELICIA M. MOSES